# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs August 2, 2016

## JAMES A. LONG, ET AL. v. CHARLES D. LEDFORD, ET AL.

**Appeal from the Circuit Court for Unicoi County**
**No. 2015-CV-8130     Jean A. Stanley, Judge**

---

**No. E2015-02440-COA-R3-CV-FILED-SEPTEMBER 30, 2016**

---

James A. Long and Patricia Long ("Plaintiffs") sued Charles D. Ledford and Vivian Ledford ("Defendants") with regard to a promissory note. After a trial, the Circuit Court for Unicoi County ("the Trial Court") entered a Final Order granting Plaintiffs a judgment against Defendants for $21,296.01. Defendants appeal to this Court. The record on appeal contains no transcript and no statement of the evidence. We must assume that the record had it been preserved would contain sufficient evidence to support the Trial Court's factual findings. We, therefore, affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which W. NEAL MCBRAYER and BRANDON O. GIBSON, JJ. joined.

Charles D. Ledford and Vivian Ledford, Erwin, Tennessee, pro se appellants.

James S. Pate, Erwin, Tennessee, for the appellees, James A. Long and Patricia Long.

## MEMORANDUM OPINION[1]

Plaintiffs sued Defendants in the General Sessions Court for Unicoi County ("General Sessions Court") with regard to a promissory note. The General Sessions

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Court entered a judgment in favor of Defendants against Plaintiffs[2] in the amount of $20,127.53. Defendants appealed the judgment of the General Sessions Court to the Trial Court.

After a trial, the Trial Court entered its Final Order on November 24, 2015, granting Plaintiffs a judgment against Defendants in the amount of $21,296.01 after finding and holding, *inter alia*:

> This cause came on to be heard . . . upon the appeal from the Unicoi County General Sessions Court filed by the Defendants, the appearance of the Plaintiffs and testimony of the Plaintiff, James A. Long, the appearance of the Defendants, the testimony of the Defendants' witnesses, the statements of the plaintiffs' counsel and from the record at large the Court makes the following findings of facts and conclusions of law:
>
> 1. That a promissory note was given from the Defendants to the Plaintiffs on February 6, 2009, [sic]
> 2. That there was consideration for that note.
> 3. That no payment has been made on that note.
> 4. That the Plaintiffs filed this matter in the General Sessions Court within the statute of limitations.
> 5. The total amount owed on the note is $21,296.01.

Defendant Charles D. Ledford[3] filed a motion for new trial seeking a new trial due to the fact that trial was conducted without a court reporter and, therefore, no transcript of the trial existed. The Trial Court denied the motion for new trial by order entered December 16, 2015. Defendants timely appeal to this Court.

Although not stated exactly as such, Defendants raise one issue on appeal: whether the Trial Court erred in holding defendant Charles D. Ledford liable on the promissory note.[4]

The record on appeal contains neither a transcript of the trial nor a Tenn. R. App. P. 24(c) statement of the evidence. Our ability to address the issue raised by Defendants is severely hampered, if not completely eliminated, by the absence of either a transcript

---

[2] Judgment was entered against plaintiff Vivian Ledford by default and against plaintiff Charles D. Ledford after a trial.

[3] Defendant Vivian Ledford did not join in the motion for new trial.

[4] Defendants do not raise any issues on appeal with regard to the judgment entered against Vivian Ledford.

of the hearing or a Tenn. R. App. P. 24(c) statement of the evidence documenting the evidence adduced at the trial. The Trial Court stated in its November 24, 2015 Final Order that it had heard and considered the testimony of plaintiff James A. Long and the testimony of Defendants' witnesses, among other things, when deciding the issues. Defendants, as the appellants in this case, had the duty "to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." *Boggs v. Rhea*, 459 S.W.3d 539, 546 (Tenn. Ct. App. 2014) (quoting *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997)). "This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

In their reply brief on appeal Defendants allege that they, as pro se parties, were unaware that they had to hire a court reporter and further allege: "The Clerk of the Courts [sic] office, Attorney Pate, or Judge Stanley should have had the courtesy to inform me of this situation and I would have had plenty of time to bring in a Court Reporter." Defendants also make allegations that they were treated unfairly because they proceeded pro se. The record before us on appeal does not support this assertion. As this Court explained in *Murray v. Miracle*:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003).

We are not unmindful of Plaintiffs' pro se status and have attempted

to give them the benefit of the doubt whenever possible.  Nevertheless, we cannot write Plaintiffs' brief for them, and we are not able to create arguments or issues where none otherwise are set forth.  Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel.  To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

*Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014)

We are unable to act as Defendants' attorney, as was the Trial Court.  For either court to do so would place Plaintiffs at an unfair and likely insurmountable disadvantage.  Defendants have failed to provide this Court with a record which would allow us to review the issue Defendants raise on appeal.  Furthermore, nothing in the record on appeal supports Defendants' assertion that they were treated unfairly because they were proceeding pro se.  Defendants have failed to comply "with the same substantive and procedural rules that represented parties are expected to observe."  *Id.*  As Defendants have not provided us with "a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal," we must assume that the record had it been preserved would have contained sufficient evidence to support the Trial Court's factual findings.  *Boggs*, 459 S.W.3d at 546.  The Trial Court's factual findings sufficiently support the judgment.  As such, we are constrained to affirm the Trial Court's November 24, 2015 order.

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below.  The costs on appeal are assessed against the appellants, Charles D. Ledford and Vivian Ledford.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

4