IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 9, 2014 Session

# BOBBY MURRAY, ET AL. v. DENNIS MIRACLE, ET AL.

**Appeal from the Chancery Court for Roane County**
**No. 16543      Frank V. Williams, III, Chancellor**

**No. E2013-00498-COA-R3-CV-FILED-SEPTEMBER 23, 2014**

Bobby Murray and Loretta Murray ("Plaintiffs") sued Dennis Miracle and Robert Daniel Smith ("Defendants") with regard to a dispute involving real property located in Roane County, Tennessee. After a trial, the Chancery Court for Roane County ("Trial Court") entered its judgment on February 11, 2013, finding, *inter alia*, that Defendants did not dispute that Plaintiffs had a right to improve the roadway at issue, but that the parties disagreed regarding the nature of the road work to be performed. In its judgment, the Trial Court, *inter alia*, appointed a Special Commissioner to supervise the proposed road work and detailed how the work should be implemented. Plaintiffs appeal the Trial Court's judgment. We find and hold that Plaintiffs have significantly failed to comply with Tenn. R. App. P. 27 rendering this Court unable to address any of Plaintiffs' potential issues. We, therefore, affirm the Trial Court's judgment, find Plaintiffs' appeal frivolous, and award Defendants damages for frivolous appeal. Defendants raise an issue on appeal regarding whether the Trial Court erred in reversing its order regarding discovery sanctions. We find and hold that the Trial Court erred in interpreting our previous Opinion to require reversal of the sanctions. We, therefore, vacate the Trial Court's September 25, 2012 order, reinstate the Trial Court's September 22, 2010 order awarding Defendants[1] attorney's fees against Plaintiffs as discovery sanctions, and remand to the Trial Court to address Plaintiffs' motion for reconsideration of these sanctions.

---

[1]The motion seeking discovery sanctions was filed by Defendant Dennis Miracle, not by both of the defendants. At that time, each of the defendants was represented by his own attorney. After the sanction was paid by Plaintiffs to Defendant Dennis Miracle's attorney, Mark N. Foster, Defendant Robert Daniel Smith's attorney was granted leave to withdraw as attorney of record and attorney Mark N. Foster was substituted as the attorney of record for Defendant Robert Daniel Smith. As the discovery sanction was ordered to be paid to Defendant Dennis Miracle's attorney, Mark N. Foster, and, as Attorney Foster now represents both of the defendants, we refer in this Opinion to the award of discovery sanctions as an award of attorney's fees to Defendants in the plural for ease of reading.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed, in part; Vacated, in part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and W. NEAL MCBRAYER, JJ., joined.

Bobby Murray and Loretta Murray, Harriman, Tennessee, pro se appellants.

Mark N. Foster, Rockwood, Tennessee, for the appellees, Dennis Miracle and Robert Daniel Smith.

**OPINION**

**Background**

This is the second time this case has been before us on appeal. We discuss in this Opinion only those facts directly relevant to the issues involved in this appeal. Additional background is contained in our Opinion in *Murray v. Miracle*, No.E2010-02425-COA-R3-CV, 2011 Tenn. App. LEXIS 494 (Tenn. Ct. App. Sept. 8, 2011), *Rule 11 appl. perm. appeal denied Jan. 11, 2012* ("*Murray I*").

In *Murray I*, we reversed the Trial Court's dismissal of Plaintiffs' claims because of Plaintiffs' failure to comply with court orders regarding discovery, among other things. Specifically, in *Murray I*, we considered whether the dismissal for failure to comply with a discovery order was an appropriate sanction in this case. *Murray I*, 2011 Tenn. App. LEXIS 494, at **18-21. We stated:

> After [Plaintiffs] discharged their attorney following the trial court's order for them to pay attorney fees, they submitted an inartfully drawn pleading days later that stated as follows: "Plaintiffs ask this Court to reconsider the order for Plaintiffs to pay the $4[38].82 and Order [Plaintiffs' former attorney] to Pay . . . ." This pleading was filed before the trial court dismissed [Plaintiffs'] case. Counsel for [Defendant Mr. Miracle] asserts that [Plaintiffs] never presented any motion for the trial court to change its order from the July 16, 2010 hearing, and, in any event, the order from the July hearing, filed on September 22, 2010, remained a valid order that must be obeyed until it was modified.
>
> A lawyer's conduct during the course of litigation is attributable to and binding on his or her client. *Hart v. First Nat'l Bank*, 690 S.W.2d 536, 539

(Tenn. Ct. App. 1985). However, Tennessee courts generally do not favor dismissal when attorney error causes a client's failure to abide by discovery rules. *See Murray v. Christian Methodist Episcopal Church*, 153 S.W.3d 371, 378 (Tenn. Ct. App. 2004). Moreover, as noted above, the courts give pro se litigants who lack formal legal training a certain amount of leeway in drafting their pleadings and measure the adequacy of the pleadings using standards that are less stringent than those applied to papers prepared by lawyers. The substance of the October 4, 2010, pleading was sufficient to apprise the trial court that [Plaintiffs] were requesting that it reconsider the attorney fee award and the issue of whether the fee sanction should have been imposed on counsel instead of [Plaintiffs]. Tenn. R. Civ. P. 37.01(4) and Tenn. R. Civ. P. 37.02 permit imposing monetary sanctions for discovery abuse against a party, the party's lawyer, or both.

*Murray I*, 2011 Tenn. App. LEXIS 494, at **19-21. In *Murray I*, we found and held, *inter alia*, "that the trial court abused its discretion in dismissing [Plaintiffs'] claims pursuant to Rule 37.02(C) without addressing [Plaintiffs'] reconsideration request." *Murray I*, 2011 Tenn. App. LEXIS 494, at *21.

After we reversed the dismissal of Plaintiffs' claims in *Murray I*, the Trial Court on remand held a hearing on the discovery sanctions discussed in *Murray I*. After this hearing, the Trial Court entered its order on September 25, 2012 finding and holding:

[T]he Court therefore finds based on its reading of the Court of Appeals' decision that the Court is bound, not as a matter of the Court's discretion but as a matter of the application of the Court of Appeals' decision, to require Defendant to repay to Plaintiffs the $438.82 amount Plaintiffs paid Defendant pursuant to the Court's Orders entered September 22, 2010 and November 18, 2010.

The case proceeded to trial. After trial, the Trial Court entered its Final Order and Judgment on February 11, 2013. Plaintiffs appeal the Trial Court's judgment to this Court.

## Discussion

Plaintiffs' brief on appeal is so severely deficient that we are unable to determine what issues Plaintiffs are attempting to raise on appeal other than they are unhappy with some portion of the Trial Court's decision. Although not stated exactly as such, Defendants raise two issues on appeal: 1) whether Plaintiffs' appeal should be deemed

frivolous entitling Defendants to an award of damages; and, 2) whether the Trial Court erred in interpreting our Opinion in *Murray I* to require that the discovery sanction ordering Plaintiffs to pay $438.82 to Defendants be reversed.

We will begin by addressing the deficiencies in Plaintiffs' brief. Plaintiffs are representing themselves pro se on appeal. As this Court explained in *Young v. Barrow*:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003).

We are not unmindful of Plaintiffs' pro se status and have attempted to give them the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiffs' brief for them, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

We note that in this appeal Plaintiffs initially filed a principal brief, which failed to comply with Tenn. R. App. P. 27 and this Court ordered Plaintiffs to file a brief in compliance with Rule 27. Plaintiffs filed an amended principal brief, but the amended brief also fails to comply with Tenn. R. App. P. 27 in any significant manner.

Specifically, Plaintiffs' brief fails to comply with Tenn. R. App. P. 27(a)(4), which requires that a brief shall contain "[a] statement of the issues presented for review." Tenn. R. App. P. 27(a)(4). Although Plaintiffs' brief contains a section titled "QUESTION PRESENTED FOR REVIEW," this section, which spans approximately three-quarters of a

page, is composed of generalized questions, fragments, and groups of words ending with a question mark, not a statement of specific issues that would justify appellate review. Plaintiffs' brief also contains a section titled "STATEMENT OF THE ISSUES," which covers approximately a page and a quarter and is comprised of a run-on sentence fragments typed entirely in capital letters that is difficult to read and mostly unintelligible. Plaintiffs' brief also contains a section titled "STATEMENT OF THE ISSSUES [sic] FOR REVIEW," which covers a page and a half with run-on sentence fragments, which like the previously discussed two sections is mostly unintelligible. Finally, Plaintiffs' brief contains a section titled "ARGUMENT FOR REVISED APPEAL," which begins with several lines typed in bold type and capital letters and which reads very similar to the above mentioned sections. Just about the only thing that is clear from Plaintiffs' brief is that Plaintiffs are unhappy with the outcome of the trial in some way. Plaintiffs' brief, however, does not contain a statement of the issues as required by Tenn. R. App. P. 27(a)(4), and, thus, it is impossible to tell from their brief what appealable issue or issues Plaintiffs wish to raise. We will not undertake to search the record and then revise Plaintiffs' brief in its entirety so as to create issues of claimed errors by the Trial Court when the Plaintiffs raise no such specific claimed errors because to do so would have this Court serve as Plaintiffs' attorney.

Plaintiffs' brief also fails to comply with Tenn. R. App. P. 27(a) sections (2) and (7). Although Plaintiffs' brief contains a section titled "TABLE OF AUTHORITIES," it fails to provide references to pages of the brief where such authorities are cited as is required by Tenn. R. App. P. 27(a)(2). A review of the remainder of Plaintiffs' brief reveals that the purported authorities listed in the table of authorities are not cited anywhere else within Plaintiffs' brief. The purported argument section of Plaintiffs' brief contains no references whatsoever to the record and no citations to authorities as required by Tenn. R. App. P. 27(a)(7).

In *Bean v. Bean* this Court observed:

Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.* 898 S.W.2d 196, 210 (Tenn. Ct. App.1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988). . . . This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v.*

*Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (citing *Airline Const. Inc., v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

Furthermore, during the pendency of this appeal, we remanded this case to the Trial Court to resolve differences with regard to the statement of the evidence. Pursuant to Tenn. R. App. P. 24, service of the statement of the evidence shall be "accompanied by a short and plain declaration of the issues the appellant intends to present on appeal." Tenn. R. App. P. 24(c). The Trial Court held a hearing regarding the objections to the proposed statement of the evidence and then entered a Statement of the Evidence and Proceedings, which stated that the Trial Court had not received a "'short and plain declaration of the issues the appellant intends to present on appeal' as required by Rule 24 . . . ." In the Statement of the Evidence and Proceedings, the Trial Court stated that because of Plaintiffs' failure to comply with Tenn. R. App. P. 24, the Trial Court "erred on the [side] of overincluding [sic] material in this Statement of Evidence and Proceedings)," in order to represent "a fair, accurate and complete account of what transpired with respect to those issues that are the apparent bases of appeal . . . ." Thus, the Trial Court also was unable to determine what specific issues Plaintiffs were attempting to raise on appeal.

Plaintiffs failed to comply in any significant way with Tenn. R. App. P. 27. As such, we find and hold that Plaintiffs have waived any issues they may have attempted to raise on appeal.

We next consider the issue raised by Defendants regarding whether Plaintiffs' appeal is frivolous. "'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). In pertinent part, Tenn. Code Ann. § 27-1-122 addresses damages for frivolous appeals stating:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000).

As discussed more fully above, Plaintiffs' brief on appeal is so severely deficient that this Court is unable to determine even what issues Plaintiffs are attempting to raise on appeal. As such, Plaintiffs' appeal is devoid of merit with little prospect that the appeal could ever succeed. Given this, we hold Plaintiffs' appeal frivolous and remand this case to the Trial Court for a determination of an award of damages from Plaintiffs to Defendants for frivolous appeal.

Finally, we consider whether the Trial Court erred in interpreting our Opinion in *Murray I* to require that the discovery sanction requiring Plaintiffs to pay $438.82 to Defendants be reversed. In its September 25, 2012 order, the Trial Court interpreted *Murray I* as requiring the Trial Court to order Defendants to repay the $438.82. The Trial Court erred in interpreting our Opinion in *Murray I*. In *Murray I*, as discussed above, we held only that it was error to dismiss Plaintiffs' claims without first hearing Plaintiffs' motion for reconsideration. We did not hold that the discovery sanction award of $438.82 was improper, nor did we hold that this sanction should be reversed. In fact, our Opinion in *Murray I* never addressed the propriety of the $438.82 sanction. Plaintiffs' motion for reconsideration of the discovery sanction award had not yet been considered by the Trial Court and, therefore, the issue of whether this sanction was awarded in error was not ripe for appellate review. As such, this issue was not decided by this Court in *Murray I*.

The Trial Court's order requiring Defendants to repay to Plaintiffs the $438.82 was based upon a misunderstanding of our Opinion in *Murray I*. Given this, we vacate the Trial Court's September 25, 2012 order and reinstate the Trial Court's September 22, 2010 order awarding Defendants $438.82 for reasonable expenses including attorney's fees as a discovery sanction. Upon remand, the Trial Court is directed to address Plaintiffs' motion for reconsideration of the discovery sanction requiring Plaintiffs to pay $438.82 to Defendants.

## Conclusion

The judgment of the Trial Court entered on February 11, 2013 is affirmed. The order of the Trial Court entered on September 25, 2012 is vacated, and the order of the Trial Court entered on September 22, 2010 awarding Defendants attorney's fees against Plaintiffs as discovery sanctions is reinstated. This cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellants, Bobby Murray and Loretta Murray.

_____
D. MICHAEL SWINEY, JUDGE

-7-