
# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 21, 2016 Session

## BOBBY MURRAY, ET AL. v. DENNIS MIRACLE, ET AL.

**Appeal from the Chancery Court for Roane County**
**No. 16543     Frank V. Williams, III, Chancellor**

———————————————————

**No. E2015-00766-COA-R3-CV**

———————————————————

This is the third appeal in this suit; on remand from the prior appeal the court considered whether a discovery sanction previously imposed upon Plaintiffs was reasonable and the amount of damages to be awarded Defendants for defending the previous appeal, which was deemed frivolous.  The trial court upheld the discovery sanction and awarded Defendants $8,488.50 in damages for the prior appeal.  Plaintiffs appeal, contending that the trial court abused its discretion in affirming the prior sanction and in making the award for the frivolous appeal.  Discerning no error, we affirm the trial court; we declare this appeal frivolous and remand the case for a determination of damages.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and THOMAS R. FRIERSON, II, JJ., joined.

Loretta Murray and Bobby Murray, Harriman, Tennessee, Appellants, *pro se*

Mark N. Foster, Rockwood, Tennessee, for the appellees, Dennis Miracle and Robert Daniel Smith.

## MEMORANDUM OPINION[1]

---

[1] Tenn. R. Ct. App. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This is the third appeal in this property dispute brought by Loretta and Bobby Murray ("Plaintiffs") against Dennis Miracle and Robert Daniel Smith ("Defendants"). In the first appeal, we reversed the dismissal of the Plaintiff's complaint for failure to comply with a discovery order and remanded the case. On remand, the chancellor ordered Defendants to repay the discovery sanctions to the Plaintiff and held a trial on the merits; the chancellor found that Plaintiffs had a right to improve the roadway at issue, appointed a special commissioner to oversee certain work on the property, and detailed how the work should be completed. Plaintiffs appealed and, in the second appeal, we affirmed the trial court's judgment appointing a commissioner to supervise the roadway improvements; pertinent to the issues involved in this appeal, we held:

> The Trial Court's order requiring Defendants to repay to Plaintiffs the $438.82 was based upon a misunderstanding of our Opinion in *Murray I*. Given this, we vacate the Trial Court's September 25, 2012 order and reinstate the Trial Court's September 22, 2010 order awarding Defendants $438.82 for reasonable expenses including attorney's fees as a discovery sanction. Upon remand, the Trial Court is directed to address Plaintiffs' motion for reconsideration of the discovery sanction requiring Plaintiffs to pay $438.82 to Defendants.

*Murray v. Miracle*, 457 S.W.3d 399, 404 (Tenn. Ct. App. 2014). Further, we determined that the appeal was frivolous and remanded for an award of damages to Defendants for the frivolous appeal.

On remand, Defendants filed a motion seeking the fees and costs they incurred in the appeal in *Murray II*. Plaintiffs responded to the motion. A hearing was held, and the trial court ordered Defendants counsel to release the $438.82 sanction, which he held in trust, to Defendants. The order also awarded Defendants damages in the amount of $8,000 for defending the frivolous appeal. After entry of the order, on its own motion, the trial court entered an order of recusal after Plaintiffs filed suit in federal court against the court, their former counsel, and other defendants. Another chancellor was appointed to hear the case.

The court held a hearing *de novo* on the matters raised in the order of remand and entered an order on April 18, 2016, denying Plaintiff's motion for reconsideration of sanctions, ordering counsel for Defendants to release the $438.82 being held in counsel's trust account, and granting judgment in the amount of $8,488.50 to Defendants for the damages from the appeal in *Murray II*.

The court made extensive findings of fact and found that, with the exception of two expenses totaling $115.00, Defendants established that all of the fees and expenses were "reasonable, necessary, and constitute damages suffered by the Defendants due to Plaintiffs' frivolous appeal." The Plaintiffs sought a stay of execution pursuant to Tenn.

2

R. App. P. 7, which was denied by this Court. The court also entered an order denying Plaintiff's motion to recuse.[2]

The issue that is articulated in Plaintiffs' brief on appeal encompasses matters that pertain to previous appeals and what are not pertinent to our review of the trial court's ruling following the remand in *Murray II.* From our review of the Plaintiffs' brief, which is difficult to follow, and their oral argument, we have discerned that the Plaintiffs take issue with the amount of sanctions they were ordered to pay to Defendants.[3]

Our review of this matter is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan,* 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.,* 58 S.W.3d 706, 710 (Tenn. 2001).

The only matters before the trial court on remand from *Murray II* were whether the $438.82 sanction imposed in *Murray I* was reasonable and the amount of damages due the Defendants for having to defend against the Plaintiffs' frivolous appeal. As to the first matter, we are unable to discern a legal argument in Plaintiffs' brief on appeal as to why the $438.82 sanction was not reasonable or how the trial court erred in concluding they waived this argument.[4] Accordingly, we deem this issue to be waived.

Defendants sought $8,603.50 for their attorney's fees and expenses incurred in the frivolous appeal. The application was supported by an affidavit of their counsel, detailing the services performed, time expended, and costs incurred in the appeal.

Plaintiffs contend that the trial court abused its discretion in awarding $8,488.00 "based on the defendant making the Statement of the Evidence wrongly." At the outset of our consideration of their argument, we note that the Plaintiffs' brief is not in compliance with Rule 27(a) of the Rules of Appellate Procedure, and their arguments are

---

[2] This order is thorough, candid, and provides an excellent summary of the proceedings; it was very helpful to our review.

[3] Between the time the Plaintiffs filed their notice of appeal and the time this matter was argued, Plaintiffs filed numerous motions in this Court. We entered an order on May 12, 2016, denying the motions and noting that "[t]his appeal shall proceed as an appeal from the new final judgment entered on April 18, 2016."

[4] As this Court noted in *Murray II*, "[W]e will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney." *Murray v. Miracle*, 457 S.W.3d 399 at 402.

difficult to follow and contain numerous *ad hominem* attacks on the trial court, Defendants, and Defendants' counsel. The questions for resolution following the remand in *Murray II* were resolved in the trial court's April 18, 2016 order and, as respects this issue, the only matter we review is the adequacy of the factual basis of the award.

We review the trial court's award of $8,488.50 according to the standard set forth in *Wright ex rel. Wright v. Wright*:

> [A] determination of attorney's fees is within the discretion of the trial court and will be upheld unless the trial court abuses its discretion. We presume that the trial court's discretionary decision is correct, and we consider the evidence in the light most favorable to the decision. The abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court, and we will find an abuse of discretion only if the court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party."

337 S.W.3d 166, 176 (Tenn. 2011) (internal citations omitted).

The affidavit of Defendants' counsel provides a factual basis for the trial court's ruling; the findings of fact in its order are thorough and helpful to our review. Plaintiffs do not cite to evidence in the record which would preponderate against the court's findings of facts or legal authority contrary to the ruling,[5] and upon our review, there is both a factual and legal basis for the amount of damages awarded by the court. We discern no abuse of discretion and accordingly affirm the judgment of the trial court.

The Defendants have asked that we declare this appeal frivolous and award them costs incurred in defending Plaintiffs' appeal. Tennessee Code Annotated section 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on

---

[5] Despite including a table of authorities in their brief (that lists page numbers on which the cases do not actually appear), the argument section of their brief fails to cite to any legal authority. Moreover, the argument section of their brief is not divided into the issues the Plaintiffs attempted to raise, but consists of roughly 46 pages of numbered paragraphs that contain rambling narrative, run-on sentences, sentence fragments, and a passionate recitation of Plaintiffs' perception of what happened in the lawsuit from its inception until now.

4

the judgment, and expenses incurred by the appellee as a result of the appeal.

In *Murray II* this court determined that the Plaintiffs' appeal was frivolous. In that regard, we noted that:

Plaintiffs' brief on appeal is so severely deficient that this Court is unable to determine even what issues Plaintiffs are attempting to raise on appeal. As such, Plaintiffs' appeal is devoid of merit with little prospect that the appeal could ever succeed. Given this, we hold Plaintiffs' appeal frivolous and remand this case to the Trial Court for a determination of an award of damages from Plaintiffs to Defendants for frivolous appeal.

*Murray*, 457 S.W.3d at 404.

"An Appellant who fails to cite to any authority on appeal to support a reversal of a trial court's findings, especially when even cursory research would reveal the state of the law in this state, runs the risk of having his appeal deemed frivolous by this Court." *GSB Contractors, Inc. v. Hess*, 179 S.W.3d 535, 548 (Tenn. Ct. App. 2005) (citing *Wells v. Sentry Ins. Co.,* 834 S.W.2d 935, 938 (Tenn. 1992)). Plaintiffs' arguments in this appeal largely center on matters encompassed in the prior appeals and not ruled upon by the trial court on the remand in *Murray II*; their brief has not aided our review of the issues in this appeal. We thus declare this appeal to be frivolous, as it had little chance of succeeding. *See Robinson v. Currey*, 153 S.W.3d 32, 42 (Tenn. Ct. App. 2004).

For the foregoing reasons, the decision of the chancellor is affirmed in all respects. We declare the appeal frivolous in accordance with Tennessee Code Annotated section 27-1-122 and remand the case for a determination of the damages due Defendants for defending this appeal.

RICHARD H. DINKINS, JUDGE

5