IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on August 23, 2018

## BOBBY MURRAY ET AL. v. DENNIS MIRACLE ET AL.

**Interlocutory Appeal from the Chancery Court for Roane County**
**No. 16543          Michael S. Pemberton, Judge**

_____

### No. E2018-01530-COA-T10B-CV

_____

This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, from the Trial Court's denial of a successive motion to recuse filed by the Plaintiff, Loretta Murray ("Plaintiff"), during post-judgment proceedings in this case involving a property dispute between the parties to the litigation below. Having reviewed the petition for recusal appeal filed by Plaintiff, and determining that the record provided with the petition is insufficient to support reversal, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Chancery Court Affirmed**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS and KENNY W. ARMSTRONG, JJ., joined.

Bobby Murray, Harriman, Tennessee, appellant, *pro se*.[1]

Loretta Murray, Harriman, Tennessee, appellant, *pro se*.

No appearance by or on behalf of the appellees, Dennis Miracle and Robert Daniel Smith.

### OPINION

The facts and procedural history of this case have been set out in prior opinions emanating from the parties' litigation below. *See, e.g., Murray v. Miracle*, 457 S.W.3d 399 (Tenn. Ct. App. 2014); *Murray v. Miracle*, No. E2010-02425-COA-R3-CV, 2011 WL 13165396 (Tenn. Ct. App. Sept. 8, 2011). In April of 2018, Plaintiff filed her Motion to Recuse and Motion for Change of Venue seeking the disqualification of the Trial Court

_____

[1] It is unclear upon what basis Mr. Murray joined in the filing of the petition for recusal appeal given that he did not join in the successive motion to recuse filed below, the denial of which forms the basis for this appellate proceeding.

Judge, who has been presiding over these proceedings since September of 2015 pursuant to an order designating him to do so by interchange. The Chancellor previously had recused himself by order entered in July of 2015. In her motion, Plaintiff alleged that the Trial Court Judge had violated her rights by denying her due process and equal protection of the law, and had generally behaved in a manner inconsistent with fundamental fairness and the impartiality required of a judge. She acknowledged in her motion that it was not the first time she had sought the recusal of the Trial Court Judge since his designation to preside over these proceedings. In a written order entered in August of 2018, the Trial Court Judge denied that portion of Plaintiff's motion seeking his recusal.[2]

Within the time provided in section 2.02 of Rule 10B for the filing of a petition for recusal appeal in this case, Plaintiff filed in this Court a Notice of Appeal indicating her desire to appeal from the Trial Court's order denying the recusal portion of her motion. This Court entered an order pointing out the deficiencies in Plaintiff's attempt to initiate this interlocutory appeal as of right, but allowed Plaintiff the opportunity to amend the Notice of Appeal to constitute a petition for recusal appeal in compliance with the requirements of Rule 10B. Petitioner and her husband, Bobby Murray, who also was a plaintiff in the proceedings below but did not join in the motion forming the basis of this appellate proceeding, thereafter filed a petition for recusal appeal.

## ANALYSIS

We have determined in this case after a review of the petition, and supporting documents submitted with the petition, that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Plaintiff is insufficient to support a finding of error on the part of the Trial Court. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

---

[2]Despite the attempt in the petition for recusal appeal to raise issues related to other rulings in the case, this Court has confined its consideration, as we must, only to the Trial Court Judge's denial of the recusal portion of Plaintiff's motion. *See Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) (noting that appellate court "may not review the correctness or merits of the trial court's other rulings" in an interlocutory appeal as of right pursuant to Rule 10B).

An accelerated interlocutory appeal as of right from an order denying a motion for disqualification or recusal of a trial court judge is effected by the filing of a "petition for recusal appeal" with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02. The petition for recusal appeal "shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. The record submitted by Plaintiff with her petition for recusal appeal does not include any affidavit filed in support of her motion to recuse, which Rule 10B makes mandatory. *See* Tenn. Sup. Ct. R. 10B, § 1.01 ("The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials."). Without this necessary part of the record, we cannot conclude that the Trial Court erred in denying the motion to recuse. While not explicitly stated as such in the rule, it is clear that the only record the appellate court will have in expedited appeals under Rule 10B is the record provided by the appellant with his or her petition pursuant to the mandatory language of section 2.03 of the rule.

We emphasize to Plaintiff that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court so as to allow this Court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis." As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance.

## CONCLUSION

Having determined that the record provided by Plaintiff is insufficient to support a finding of error on the part of the Trial Court, we affirm the Trial Court Judge's denial of that portion of Plaintiff's motion seeking his recusal. This case is remanded for further proceedings consistent with this Opinion. Costs on appeal are assessed against the appellants, Bobby Murray and Loretta Murray, for which execution may issue, if necessary.

_____
CHARLES D. SUSANO, JR., JUDGE

3