IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 1, 2019

## ERNEST RAY LANING, ET AL. v. JOHNNY LAWRENCE, ET AL.

**Appeal from the Chancery Court for Hamblen County**
**No. 2012-CV-414, 2013-CV-155      Douglas T. Jenkins, Chancellor**

_____

### No. E2017-02479-COA-R3-CV
_____

This case arises out of a dispute involving conflicting claims to the charter of a local affiliate of a national veteran's service organization, the ownership of real property held by the local affiliate, and the right to manage a clubroom being operated on the property. The appellants, plaintiffs in the trial court, seek review of an order setting aside the deed upon which their claim to ownership derives and dismissing their claim for damages. Finding no error, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

Earnest Ray Laning, Talbott, Tennessee; Marion Fannon, White Pine, Tennessee; Max Greene, Morristown, Tennessee; and Roger E. Cameron, Dandridge, Tennessee, Pro Se, appellants

Jeffery S. Greene, Newport, Tennessee, for the appellees, Amvets Department of Tennessee, and Amvets Post 7, Inc.

Joe Carter, Smithville, Tennessee; Larry Evon, Jack Greer and Charles Diamond, Morristown, Tennessee; and Johnny Lawrence, Talbott, Tennessee, Pro Se, appellees

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum

This appeal results from a suit seeking an emergency temporary restraining order and permanent injunction filed in Hamblen County Chancery Court on October 4, 2012 ("the First Suit") by Earnest Ray Laning, Roger Cameron, Charles Diamond, Marion Fannon, Max Greene, and Ron Eubank, suing as officers or former officers of Amvets Post Seven, Inc. ("Post Seven"),[2] against Johnny Lawrence, Jack Greer, Jim Blankenship, Larry Evon, Robert Sheldon, and Joe Carter (the Individual Appellees).[3]

The petition alleged that "Larry Evon, Johnny Lawrence, Jim Blankenship and Jack Greer were "ostensibly officers" of Post Seven prior to September 2, 2012, and that at a meeting of the membership of Post Seven on September 2, a unanimous vote was taken to remove the Individual Appellees from their positions as officers pending a hearing on charges that they failed to carry out their duties in good faith. The petition recounts that the officers' removal arose after the building sustained water damage and Messrs. Lawrence, Greer, Blankenship, and Evan "failed to make timely and suitable repairs" and "refused to disclose the amount received [from insurance] or to provide an accounting of the funds." The petition alleged that after the removal of the officers, the "bank checkbooks for the Post and Post Clubroom and the Post Events accounts were removed from the Post Property by Johnny Lawrence, Jack Greer, Larry Evon and Jim Blankenship," who allegedly also "instructed the bank officers to not allow the new duly-elected officers to have access to the Post funds…" The petition also alleged that on September 6, the "suspended officers . . . enlisted the aid of defendant Robert Sheldon to improperly and without authority enter the Post building and remove the Post charter for AmVest Post 7, Inc., from the premises and to change the lock on the doors of the building" and that he removed the charter at the instruction of Joe Carter. The complaint alleged that the defendants were "without authority, either apparent or actual, to undertake these actions." The petition sought a temporary restraining order prohibiting the defendants or their agents from coming on or about the Amvets Post 7 property and from exercising any control over the funds held in the Amvets Post 7 bank accounts. The petition also sought that the bank accounts, Post charter, and any other Post property in the defendants' possession be returned; that the present officers and membership be allowed to have access to the Post property and bank accounts; and that a judgment be entered against the Defendants in the amount of "15,000 per month which is equal to the approximate average gross monthly revenue of the Post and Post Clubroom for each month or part of a month that the Post is closed, beginning July 2012." Appellees duly answered the complaint.

opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The complaint alleged that Amvets Post Seven, Inc., is "a subsidiary of a Congressionally chartered national veterans service organization."

[3] The complaint alleged that Robert Sheldon and Joe Carter were, respectively, the current District 1 Commander and the state Commander of the "[AmVets] Department of Tennessee."

On October 10, 2012, Ray Laning Marion Fannon, and "Amvets Post 7 Assoc." filed a Detainer Summons in the General Sessions Court of Hamblen County against Amvets Post 7 Inc., Robert Sheldon, and BJ Drinnon, alleging that the defendants' right to possess the Post's property at 3041 Old Hwy 25E in Morristown had terminated due to "abandonment of property" and that written notice had been given to the defendants on September 25, 2012. Service was accomplished on BJ Drinnon on October 13 and in the judgment portion of the Detainer Summons, entered October 29, 2012, the court granted Plaintiffs possession of the property based upon the default of the defendants (whom the court listed as "Amvets Post 7 Inc., its officers and agents and Robert Sheldon") and the agreement of the parties.

A motion to set aside the judgment was filed, in which it was alleged, *inter alia*, that "Ray Lanning [sic] and Marion Fanning [sic] do not own the property in question and are not officers of Amvets Post 7" and that "BJ Drinnon has no authority to accept service on behalf of Amvets Post 7." The General Sessions court entered an order on December 10, 2012 setting aside the October 29, 2012 judgment due to "insufficient service of process upon the corporate defendants, but the judgment against B.J. Drinnon (individually) shall remain in full force and effect, as it is not vacated." (Emphasis in original.) The court reset the case for further motions and/or trial on January 8, 2013. On December 10, 2012, Mr. Laning, Mr. Fannon, and "Amvets Post 7 Assoc." filed a second detainer warrant, again seeking possession, though the address of the property at issue is not listed in the summons. This time, the named defendant was "Harvey Massengill" on behalf of Amvets Post 7 Inc. No judgment was entered on this detainer summons, and the General Sessions Court entered an order on January 8, 2013, transferring the case to the Chancery Court to be consolidated with the First Suit "due to the similar issues involved in each case."

On April 30, 2013, Post Seven and Amvets Department of Tennessee, Inc. ("Amvets Tennessee"), filed a separate suit styled "Complaint To Stay Trespass" ("the Second Suit"), naming as defendants Earnest Ray Laning, Roger Cameron, Charles Diamond, Marion Fannon, Max Greene, and Ron Eubank, as well as Tennessee Veterans, Inc., an entity which was alleged to be "a newly formed corporation consisting of the Plaintiffs [in Suit 1]." The complaint alleged in pertinent part that Tennessee Veterans was in possession of the land on which the Post Seven building was located and was "operating an establishment that is in the business of selling beer under the guise of helping veterans . . . and is opening [Post Seven] and [Amvets Tennessee], up to potential liability for the sale and/or consumption of alcohol on their property." Post Seven and Amvets Tennessee prayed for an order restraining defendants from trespassing on the Property and from operating a bar or any other business on the premises; they further asked to be compensated for damages done to the Building as a result of the trespass. The First Suit and the Second Suit were thereafter consolidated.

3

Trial was held after an unsuccessful mediation, at the conclusion of which the court denied a motion for a directed verdict made Amvets Tennessee and Post Seven and proceeded to make findings of fact and rule on the merits of the case; the court entered an order on July 3, 2017, memorializing the rulings and findings stated at trial and holding in pertinent part as follows:

2. That the deed to Marion Fannon, Ernest Ray Laning, Thomas Max Greene, Steve Anderson, and Roger Cameron dated May 27, 2016 and of record in Deed Book 163 at page 344 in the Office of the Hamblen County Registers of Deeds, is void and of no effect and is hereby set aside.

3. That the lease dated January 1, 2013 to East Tennessee Veterans, Inc. for property located at 3041 Old Highway 25E, Morristown, TN 37813, and of record in Official Record Book 1525 at page 289 in the Office of the Hamblen County Registers of Deeds is void and of no effect and is hereby set aside.

4. That East Tennessee Veterans shall have 30 days from the date this order becomes final to vacate the premise located at 3041 Old Highway 25E, Morristown, TN 37813.

5. That BJ Drinnon had no interest in the property owned by Amvets Post 7 and that the Judgement in Session Court Case 113678C-98-24 as to BJ Drinnon is set aside.

6. That Roger Cameron is a member of Amvets Post 7 and he will be allowed to renew his membership in Amvets Post 7 by paying any dues that may be required.

7. That Amvets Post 7 shall work with Amvets, Department of Tennessee to reopen Amvets Post 7 and have its Charter reinstated.

8. After Amvets Post 7 is reinstated, it is ordered that it meet and confirm in its Minutes if it is going to be a Corporation or if it is going to be an unincorporated association.

9. Once the post decides if it is going to a corporation or if it is going to be an unincorporated association it is ordered to straighten out the title to its real property.

10. All claims for damages are dismissed.

4

Messrs. Laning, Cameron, and Fannon filed a motion to alter or amend the judgment and for other relief, which was denied; along with Max Greene they appeal.

As is apparent from the trial court's holding, the gravamen of this action arises out of conflicting claims of ownership to the Property and the right to operate and manage the Building, as well as organizational matters relating to Amvets Tennessee and Post Seven, including the right to the charter.

Proceeding on appeal, *pro se*, Appellants, in various ways, have stated six issues relating to the trial court's handling those matters; their brief, however, fails to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals in many respects. The organizational Appellees, Amvets Tennessee and Post Seven, through counsel, have dutifully filed a responsive brief, which has been adopted by the Individual Appellees Joe Carter, Larry Evon, Jack Greer, Johnny Lawrence, and Charles Diamond.

While some deference is given to *pro se* litigants, it is well-settled that they must comply with the same standards to which lawyers must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014).[4] We acknowledge Appellees' request that the brief be "dismissed" for failure to comply with the rules, but respectfully decline to do so. We agree with the trial court that this is a case that needs to be resolved on the merits, and will do so. In our resolution of the issues, we are guided by the following principle from *Murray v. Miracle*:

> We are not unmindful of [Appellants'] *pro se* status and have attempted to give them the benefit of the doubt whenever possible. Nevertheless, we cannot write [Appellants'] brief for them, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that [Appellants] may have made had they been represented by counsel. To do so would place [Appellees] in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as [Appellants'] attorney.

---

[4] As explained by this Court in *Hessmer v. Hessmer*:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (citations omitted).

457 S.W.3d 399, 402 (Tenn. Ct. App. 2014).  In this regard, a discussion of Appellants' brief is in order.  The first four sections of the brief consists of a one page Statement of Issues, a three page Statement of the Case, a one page Statement of Facts, and a thirteen page Argument, all of which fail to contain any citations to the technical record, the transcript of the evidence, exhibits introduced at trial, or to pertinent case law or other authority.  Those sections are followed by twenty-eight pages of references to testimony of various witnesses, without reference to any particular issue, argument or other context, similar references to the depositions of Dale Brown, Clifford Fitzsimmons, and William Kilgore, none of which were included in the package of exhibits introduced at trial.  The lack of compliance with applicable rules renders Appellants' brief of little assistance in our review of the court's disposition of the case.

Because this case was tried without a jury, our review of the trial court's findings of fact is *de novo*, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d).  Our review of the trial court's determinations regarding questions of law is *de novo* with no presumption of correctness. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 28-29 (Tenn. 1996)

## A. SUFFICIENCY OF THE EVIDENCE TO SUPPORT THE JUDGMENT

Appellants first take issue with the court's decision to set aside the May 16, 2016 deed conveying the Property from Marion Fannon and Ernest Ray Laning to Mr. Fannon, Mr. Laning, and Steve Anderson "as joint tenants with right of survivorship and not as tenants in common."[5]  In its oral ruling the court addressed this matter as follows:

> That attempted conveyance, I have heard absolutely no proof that would convince me that Mr. Fannon, although I think he's a very honorable and good man and I liked him on the witness stand, he's a good guy. The same with Mr. Laning, I think he's a good man.
>
> But I don't think that they have the authority to convey property on behalf of the Unincorporated Association to this group of individuals. I've heard absolutely no proof that would convince me of that, and frankly, the Court doesn't think the proof exists and that's why I haven't heard it.
>
> * * *
>
> So, the Court holds that Exhibit #8 which is this Deed of Record in Deed Book 163 Page 344 is void, of no effect and shall be held for naught.

---

[5] The deed purportedly transferred ownership from Mr. Fannon and Mr. Laning, "as surviving partners and members of AmVets Post 7, Department of Tennessee, an unincorporated association, having full authority and acting on behalf of AmVets Post 7, Department of Tennessee."

6

Appellants have failed to cite to proof in the record that preponderates against the court's holding that Mr. Fannon and Mr. Laning did not have authority to convey property on behalf of Amvets Post 7, Department of Tennessee, the organization in whose name the Property was vested. Inasmuch as they did not have such authority, the court correctly set aside the deed, thereby restoring title to Amvets Post 7, Department of Tennessee.

## B. DETAINER ACTION IN GENERAL SESSIONS COURT

Appellants next question "whether a detainer action originating in Session Court can be transferred to Chancery Court." They do not make a cogent argument or cite authority to answer the question posed.

Allegations relating to the detainer action are contained in the complaint filed in the Second Suit:

12. The Defendants filed a detainer action in Sessions Court of Hamblen County on _____, Case # 113678C claiming a right to possession of the said property.

13. The parties to the action were Amvets Post Seven, Inc. and B.J. Drinnon. B.J. Drinnon was not an officer of Amvets Post Seven, Inc. and had no authority to act on their behalf. The detainer warrant was not served on Amvets Post Seven, Inc., but was only served on B.J. Drinnon. B.J. Drinnon entered into an agreed judgment on October 29, 2012 giving possession of the property in dispute to Ray Lanning [sic] and Marion Fannon.

14. Amvets Post Seven, Inc. then filed a motion in sessions Court of Hamblen County asking the Court to set aside the Order dated October 29, 2012.

15. On January 18, 2013 Judge Janice Snider[6] entered an order transferring the case to Hamblen County Chancery Court and consolidating it with case #2012-CV-414. Prior to the October 29, 2012 order Amvets Post Seven, Inc. and Department of Tennessee Amvets had possession of the property. Since October 29, 2012 Ray Lanning [sic] and Marion Fannon have entered into a lease on said property with Tennessee Veterans, Inc. Tennessee Veterans, Inc. is a newly formed corporation consisting of the Plaintiff's in Hamblen County Chancery Court case #2012-CV- 414.

---

[6] We take judicial notice of the fact that Judge Janice Hope Snider is the Judge of the Hamblen County General Sessions Court.

7

The pertinent portions of the Answer stated:

4. The allegations contained in Paragraph 12 are denied. The Association filed the detainer action.

5. The allegations contained within Paragraph 13 of the Complaint are denied. Defendants aver that B. J. Drinnon did in fact, have authority to act on behalf of Post 7 as he was an officer of the corporation and the registered agent for service of process was the corporation itself. Therefore, any officer of the corporation has authority to accept service on its behalf.

6. The allegations contained within Paragraph 14 of the Complaint are denied. The actions alleged are actually being taken by, or on behalf of, AmVets Post 7, are done so invalidly, and as alluded to above, those actions taken were done by a corporation whose corporate charter had lapsed at the time the actions were taken and who had no registered agent living at the time these actions were undertaken.

7. The allegations contained within Paragraph 15 of the Complaint are admitted in part in that Judge Janice Snider did transfer the matter and consolidated it with the referenced case. However, the remaining allegations are denied as the membership charter was suspended by the Department on September 6, 2012, and the utilities were terminated some time later. Further, neither plaintiff has paid any property taxes on that property since that time, nor have they secured insurance coverage on the property.

As shown from the foregoing, it is clear that one of the issues in the detainer action was title to and right of possession of the property, and the right to bring the action. Tennessee Code Annotated section 29-18-119, governing detainer actions, states:

a) The cause shall be tried at the time and place designated, by a single general sessions judge, without the intervention of a jury, and in all respects like other civil suits before the court of general sessions.

(b) The general sessions judge will try every case upon its merits and ascertain whether the plaintiff or defendant is entitled to the possession of the premises agreeably to the laws governing such cases, and give judgment accordingly.

(c) *The estate, or merits of the title, shall not be inquired into.*

8

(Emphasis added).  Because the question of whether the plaintiffs in the detainer action had valid title such that they had the right to prosecute that action was a question to be resolved, it was appropriate for the case to be transferred to a court of competent jurisdiction, such as the court where the First Suit was pending.  As a result of the transfer (and the later consolidation with the Second Suit), all the parties and all the claims were litigated in one proceeding in a court with appropriate jurisdiction.  We discern no error in the transfer of the detainer action from General Sessions Court to Chancery Court for purposes of consolidation with the First Suit and, eventually, the Second Suit.

## C. COUNTERCLAIM

Appellants next assert as an issue "whether the counterclaim of Ernest Ray Laning, et al., filed May 23, 2013, and not answered should be confessed, after motion to hold these issues was properly presented to the Chancery Court."  Again, Appellants' brief does not contain a cogent argument on this issue, citations to the record where this matter was presented to the trial court, or testimony relative thereto.  Appellees have cited the following statement of their counsel in response to a motion filed by Appellants' then-counsel on the day of trial to "foreclose all issues raised by the counter-claim of [Appellants] filed May 23, 2013, as it was not answered, and is therefore confessed":

> MR. GREENE: As to the second, that they should foreclose all issues raised in the Counterclaim, it was not answered and is therefore confessed. If you'll look at what they prayed for in their Counterclaim, they prayed for the AMVETS Post to be re-established, that the members to be reinstated, that the officers that they claim were appropriate to be re-instated and the Post reopened.
>
> If the Court would order that today, Your Honor, my client would be very happy. All we want is the Post reopened. We'll confess the Judgment that the Post needs to be reopened here today. That's what they asked for in their Counter-Complaint. We did not file an answer to it because we would love to have the Post reopened. We would love to have the members come back.

Any error that Appellants assert or harm they suffered is not apparent from the record.  A default judgment was not sought or entered on the counterclaim, and we have not been cited to any objection at trial where Appellants sought to foreclose any testimony for or against the matters asserted in the counterclaim, all of which were embraced in the matters at issue in the First Suit.  The trial court heard all the evidence and disposed of all the claims and did not err in so doing.

9

## D. SERVICE OF PROCESS

The next issue raised is "whether service of process was properly served on Amvets Post 7, Inc., through B.J. Drinnon, as an officer of Amvets Post 7, Inc. and/or Harvey Massengill." In the complaint filed in the Second Suit, it was alleged that the detainer warrant filed in General Sessions court was served on Mr. Drinnon, that he entered into an agreed judgment giving possession of the property to Appellants Ray Laning and Marion Fannon, that Post Seven moved to set aside the judgment, and that the case was subsequently transferred to Chancery Court. In the order under review, the trial court held, "BJ Drinnon had no interest in the property owned by Amvets Post 7 and that the Judgement in Session Court Case 113678C-98-24 as to BJ Drinnon is set aside."

Appellants fail to state how their interest was adversely affected by service of the detainer warrant on Mr. Drinnon, and we fail to see any prejudice to them on the record. This issue is without merit.

## E. AMVETS CHARTER

Appellants' state the fifth issue thusly:

The fifth issue is whether a corporation whose charter is revoked can take any action during the revocation period. The state Amvets charter was revoked in January of 2012 and not reinstated until December 2012, thereby voiding any actions taken by that entity. Further, the registered agent was deceased.

Again, Appellants fail to cite to any testimony or other evidence pertinent to this issue, or state the actions which they assert were taken by or on behalf of Post Seven during the period of revocation and the effect of such actions on them. They further fail to assert any action on the part of the trial court which would be reviewable or constitute error. This issue is waived.

## F. DUE PROCESS

The final issue, as stated by Appellants, "is whether due process must be followed by the state Amvets." There is no holding relating to due process in the order under review, and we are unable to determine from the record that a constitutional right to due process or other constitutional issue is involved in this dispute. Again, Appellants' brief does not contain citations to the record pertinent to this issue; it is, accordingly, waived.

10

For the foregoing reasons, the judgment of the trial court is affirmed in all respects.

_____
RICHARD H. DINKINS, JUDGE