IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 3, 2024

## TERRANCE D. WOODS v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
No. 0546GL-21-0300273-001      James A. Hamilton, III, Commissioner
———————————————————

## No. W2022-01446-COA-R3-CV
———————————————————

Following the death of his minor child, the appellant filed suit against the State of Tennessee in the Tennessee Claims Commission (the "Claims Commission") asserting claims for wrongful death and for violation of his rights as a crime victim. The Claims Commission granted partial summary judgment and partial judgment on the pleadings in favor of the State. The appellant appeals the judgment of the Claims Commission. Having determined that the appellant's brief is not compliant with the relevant rules of briefing in this Court, we conclude that his issues purportedly raised on appeal are waived. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and CARMA DENNIS MCGEE, JJ., joined.

Terrance D. Woods, Lexington, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; J. Matthew Rice, Solicitor General; and Joseph P. Ahillen, Senior Assistant Attorney General, for the appellee, State of Tennessee.

# OPINION

# MEMORANDUM OPINION[1]

*a.*

The appellant, Terrance D. Woods ("Mr. Woods"), is the biological father of Asia Woods ("Ms. Woods"). In April 2007, when she was approximately fifteen months old, the Madison County Juvenile Court placed Ms. Woods in the custody of Damon and Barbara Harvey (together, the "Harveys") as a result of a petition filed by the Tennessee Department of Children's Services ("DCS"). DCS alleged that Ms. Woods was dependent and neglected while in the care of her mother, Pamela Singh ("Ms. Singh") and Mr. Woods. Based upon the record, it appears that Ms. Woods remained in the legal custody of the Harveys until she tragically was shot and passed away on February 6, 2021.

On November 29, 2021, Mr. Woods filed a Complaint with the Claims Commission, asserting a cause of action against the State for wrongful death. In summary, he alleged that the State and various individuals employed by the State, DCS, and/or Madison County failed to adequately protect Ms. Woods. Mr. Woods also alleged that his rights as a crime victim were violated when the district attorney general's office purportedly failed to properly investigate Ms. Woods's death and did not bring criminal charges against certain individuals whom Mr. Woods believed were responsible for her death.

The State filed a Motion for Partial Summary Judgment as to the wrongful death claim, arguing that Mr. Woods does not have standing to bring such claim. It also filed a Motion for Partial Judgment on the Pleadings as to Mr. Woods's allegations regarding the alleged violation of his rights as a crime victim, arguing that the various named actors were statutorily immune from suit and/or were not employees of the State and that the Claims Commission did not have the authority to grant the relief sought by Mr. Woods. The Claims Commission granted both motions. Mr. Woods timely appeals to this Court.

*b.*

As he did before the Claims Commission, Mr. Woods proceeds pro se in this appeal. Nonetheless, he "must comply with the same standards to which lawyers must adhere."

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

*Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)).

Here, we cannot consider the merits of Petitioner's appeal because he has failed to comply with the procedural rules applicable to this Court, and his issues are thus waived. The Tennessee Rules of Appellate Procedure provide:

> The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> * * *
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
> (8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). "[R]eference in the briefs to the record shall be to the pages of the record involved." Tenn. R. App. P. 27(g). Rule 6 of the Rules of the Court of Appeals provides further requirements about briefing in this Court. Failure to comply with the Rules of Appellate Procedure or the rules of this Court can result in waiver of a litigant's issues. *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citing *Duchow v. Whalen*, 872 S.W.2d 692 (Tenn. Ct. App. 1993)).

Mr. Woods's appellate brief has several deficiencies. Most notably, it is unclear precisely what issue(s) he attempts to present for review. As the Tennessee Supreme Court has made clear,

> to be properly raised on appeal, an issue must be presented in the manner prescribed by Rule 27 of the Tennessee Rules of Appellate Procedure. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012). As this Court explained in *Hodge*, "[r]ather than searching for hidden questions, appellate courts prefer to know immediately what questions they are supposed to answer" and, consequently, "[a]ppellate review is generally limited to the issues that have been presented for review." *Id.* This Court further explained in *Hodge* that an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Rule 27(a)(4). It also may be deemed waived when it has been expressly raised as an issue, but the brief fails to include an argument satisfying the requirements of Rule 27(a)(7). *Id.* at 335. . . . These requirements are not matters of mere formality.

*City of Memphis v. Edwards by & through Edwards*, --- S.W.3d ---, No. W2022-00087-SC-R11-CV, 2023 WL 4414598, at *2 (Tenn. July 5, 2023). Mr. Woods's brief contains a section titled "QUESTIONS PRESENTED FOR REVIEW ON APPEAL," which includes:

(a) DID THE COURT ERROR AS A MATTER OF LAW, THAT THE WEIGHT OF THE EVIDENCE IS AGAINST THE JUDGMENT, MURPHY V. CARRON 536 S.W. 2D 30, 32(1976) ENBANC).
(b) DID THE TRIAL COURT ERROR AS MATTER OF LAW THART DEFENDANT OWED, CLAMIANT A "DUTY" OR FEASONABLE CARE.
(c) DID THE TRIAL COURT ERROR AS A MATTER OF LAW IN APPOINTING COUNSEL ,T.C.A. 37-1-126(a).

However, none of these purported issues actually relate to the Claims Commission's reasons for granting the State's dispositive motions. Moreover, Mr. Woods constructed only a skeletal argument with respect to these purported issues. "[W]e cannot write [an appellant's] brief for them, and we are not able to create arguments or issues where none otherwise are set forth." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014).

"Likewise, we will not dig through the record in an attempt to discover arguments or issues that [an appellant] may have made had they been represented by counsel." *Id.* "To do so would place [appellees] in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as [the appellant's] attorney." *Id*.

Pursuant to Rule 27(a)(7)(A), "[i]t must be clear that a party has constructed an argument regarding his or her position on appeal; if not, the matter is subject to waiver." *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018) (citing *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006)). "[C]ompliance with the Rule has not been achieved" when this Court "cannot ascertain that an issue is supported by adequate argument[.]" *Id*. None of the issues Mr. Woods attempts to raise are supported by adequate argument. His brief also lacks a table of contents and appropriate references to the record. These failures are so substantial that they cannot be overlooked; although we are "not unmindful" of his pro se status, we cannot write the brief for him or "create arguments or issues where none otherwise are set forth." *Murray*, 457 S.W.3d at 402.

Under the circumstances, Mr. Woods has substantially failed to comply with Tennessee Rule of Appellate Procedure 27 as well as Rule 6 of the rules of this Court. These failures are so substantial that, notwithstanding his pro se status, they cannot be overlooked. Any issues Mr. Woods has attempted to raise are therefore waived. *See Bean*, 40 S.W.3d at 55.

## CONCLUSION

For the foregoing reasons, the appeal is dismissed. Costs of this appeal are taxed to the appellant, Terrance D. Woods, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE