FILED

08/21/2024

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 4, 2024

**SAMUEL SHAWN HARVEY v. AMY ELIZABETH HARVEY**

**Appeal from the Chancery Court for Lewis County**
**No. 2020-CV-56           Michael E. Spitzer, Judge**

_____

**No. M2023-01269-COA-R3-CV**

_____

This case involves a post-divorce petition for criminal contempt filed by the husband against the wife for alleged violations of the parties' permanent parenting plan. The trial court determined that the husband had not met his burden of proof to establish criminal contempt. The husband timely appealed to this Court. Because the husband's appellate brief does not comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6, we hereby dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY ARMSTRONG, JJ., joined.

Samuel Shawn Harvey, Hohenwald, Tennessee, Pro Se.

**MEMORANDUM OPINION[1]**

1. Factual and Procedural Background

On June 29, 2020, the parties, Samuel Shawn Harvey ("Husband") and Amy Elizabeth Harvey ("Wife"),[2] filed an agreed complaint for divorce and a marital dissolution

_____

[1] Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Wife has not filed a brief or otherwise participated in this appeal.

agreement in the Lewis County Chancery Court ("trial court"). On August 4, 2020, Husband filed an amended complaint for divorce ("the Amended Complaint") to reflect that the divorce had since become contested, along with a motion for exclusive possession of the parties' marital residence. Husband subsequently filed a motion to withdraw the marital dissolution agreement filed in June 2020 and a motion for default judgment against Wife. After a hearing conducted on March 1, 2021, the trial court entered a final decree of divorce on March 2, 2021. The trial court approved and incorporated by reference an agreed marital dissolution agreement ("MDA") and a permanent parenting plan ("PPP") outlining the co-parenting schedule for the parties' minor child ("the Child"). Section (J) of the PPP contained a special provision stating that Wife "may not have the child around anyone with felony convictions or who is listed on the sex offender registry."

On July 28, 2021, Husband filed a petition for criminal contempt against Wife, alleging that Wife was cohabitating with A.N., a convicted felon, in violation of the PPP. On August 2, 2021, the trial court conducted a hearing concerning Husband's petition and subsequently entered an order informing Wife regarding the importance of following the PPP and instructing her that failure to do so could result in modification of the PPP to restrict her ability to visit with the Child. Following a second hearing, the trial court entered an order suspending Wife's visits with the Child after finding that Wife's actions had placed the Child "in a substantial risk [of] imminent harm based on [her] continued relationship with a person who has felony convictions."

The trial court reset the matter for October 4, 2021, after which the trial court entered an order on November 10, 2021, memorializing Husband's withdrawal of his petition for criminal contempt, allowing Wife to exercise parenting time with the Child on Monday and Tuesday afternoons, and stating that the provisions preventing the Child from being around persons with a felony conviction would remain in effect "and include phone calls and video messaging between the child and persons with felonies."

On March 24, 2022, Husband filed a second petition for criminal contempt against Wife, alleging that Wife was in willful violation of the PPP because she had continued to permit the Child to be around A.N. and had further "facilitated communication" between A.N. and the Child. Wife subsequently obtained counsel and filed a motion to modify the PPP, seeking removal of the provision in the PPP prohibiting contact between the Child and a convicted felon. Wife explained in the motion that she had recently married A.N. and wanted the Child to be in his presence so that they might "function as a family unit together."

Following a hearing relative to Husband's second petition for criminal contempt, the trial court entered an order on August 15, 2023, denying the petition and explaining that Husband had not met his burden of proof for contempt. The trial court reset Wife's motion to modify the PPP. Husband timely appealed the denial of his second petition for contempt.

## II. Failure to Comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6

As a threshold matter, we find it necessary to address certain deficiencies in Husband's appellate brief, specifically his noncompliance with the requirements set forth in Tennessee Rule of Appellate Procedure 27(a) and Tennessee Court of Appeals Rule 6. We recognize that Husband is a *pro se* litigant and respect his decision to proceed self-represented. Regarding self-represented litigants, this Court has explained:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (internal citations omitted). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). This Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id*. Furthermore, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (quoting *Whitaker v. Whirlpool Corp*., 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

Tennessee Rule of Appellate Procedure 27 succinctly and clearly outlines those elements required for a brief on appeal:

> (a)     Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> > (1)     A table of contents, with references to the pages in the brief;
> >
> > (2)     A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> >
> > * * *

(4)     A statement of the issues presented for review;

(5)     A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6)     A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7)     An argument, which may be preceded by a summary of argument, setting forth:

   (A)     the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

   (B)     for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .

(8)     A short conclusion, stating the precise relief sought.

Similarly, Tennessee Court of Appeals Rule 6 provides in pertinent part:

(a)     Written argument in regard to each issue on appeal shall contain:

   (1)     A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

   (2)     A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Considering and respecting Husband's *pro se* status, we must still conclude that his appellate brief contains significant deficiencies respecting the above-listed requirements. Although Husband's brief includes a table of contents, it does not include many of the required sections, and many of the sections that are included lack appropriate headings or content. For example, the brief does not include a "statement of the issues" section as required by Rule 27(a)(4). Rather, the brief contains two pages captioned, "case statement/questions to consider," that include a numbered list containing a reference to a case name and various grievances regarding Wife's purported behavior. The brief further contains a page entitled, "Authorities," but this section does not include references to the pages in the brief wherein the authorities are cited. *See* Tenn. R. App. P. 27(a)(2). Moreover, the single case identified in the "Authorities" section does not include a proper citation, and another item in the section is simply listed as "Lewis County Court Records," with no reference to page numbers in the brief or specific portions of the trial court record. *See id*. The brief contains no "statement of the case" section, as required by Rule 27(a)(5), and no "statement of facts" section, as required by Rule 27(a)(6). Furthermore, there is no statement in the brief outlining the "nature of the case, the course of proceedings" or the disposition of the trial court. *See* Tenn. R. App. 27(a)(5).

Additionally, Husband's brief does not contain a proper argument section. *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. App. R. 6. Instead, there is a section captioned, "oral arguments," that does not include any contentions with respect to issues appropriate for appellate review, as required by Rule 27(a)(7)(A). The "oral arguments" section appears to be a litany of concerns focusing upon the trial judge and the attorneys associated with the underlying divorce action and claiming the "appearance of impropriety" due to their "tight knit community." Therein Husband also attempts to relitigate issues regarding the petition for contempt. Moreover, the section includes only sporadic citations to the record and does not cite to any authorities save one incomplete reference to the "Rules of Judicial Conduct ? ARTICLE III (B)" and a sentence that reads: "House Bill 1512 section 36-6-409(b) Tennessee Rules of Evidence do not apply." *See* Tenn. R. App. P. 27(a)(7)(A); Tenn.

5

Ct. App. R. 6. From these references, we are unable to discern what legal argument Husband is attempting to advance or how these purported authorities apply to the instant appeal. Finally, the brief contains no standard of review section, as required by Rule 27(a)(7)(B).

Regarding failure to comport with Rule 27, this Court has explained:

Our Courts have "routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised]." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). In *Bean*, we went on to hold that "an issue is waived where it is simply raised without any argument regarding its merits." *Id*. at 56; *see also Newcomb v. Kohler Co*., 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure of a party to cite to any authority or to construct an argument regarding his or her position on appeal constitutes waiver of that issue). As we stated in *Newcomb*, a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Newcomb*, 222 S.W.3d at 400. It is not the function of this Court to verify unsupported allegations in a party's brief or to research and construct the party's argument. *Bean*, 40 S.W.3d at 56.

*Chiozza*, 315 S.W.3d at 489.

As stated above, Husband's appellate brief contains only sporadic citations to the record, leaving many of the purported facts unsubstantiated. Similarly, Husband includes only four references to legal authority throughout the entire brief but does not attempt to explain how these authorities apply to any arguments, issues on appeal, or error on the part of the trial court. Considering the sparsity of citations to the record, lack of comprehensible references to legal authority, and dearth of cognizable issues presented for review, we conclude that the deficiencies within Husband's brief are sufficiently significant such that this Court is prevented from conducting a meaningful review.

Again, we recognize that Husband has filed his brief without the assistance of counsel. However, as this Court determined in *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014):

We are not unmindful of Plaintiffs' pro se status and have attempted to give them the benefit of the doubt whenever possible. Nevertheless . . . we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

6

Similarly, here, we cannot unfairly disadvantage Wife by digging through the record to locate and verify Husband's assertions on appeal. To do so would be tantamount to serving as Husband's attorney. *See id*.

Moreover, this Court has previously explained that it is "under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief." *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) (citation omitted). Our Supreme Court has also instructed:

> It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.

*Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). Although we may suspend the requirements of Rule 27 for "good cause," "the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54-55. Therefore, to the extent that Husband has stated any appealable issues in his appellate brief, such issues are deemed waived. *See id.*

## III. Conclusion

For the reasons elucidated above, all issues raised by Husband are deemed waived for failure to comply with the Tennessee Rules of Appellate Procedure and the Tennessee Court of Appeals Rules, and the appeal in this matter is accordingly dismissed. This case is remanded to the trial court for enforcement of its judgment and collection of costs assessed below. Costs on appeal are assessed to the appellant, Samuel Shawn Harvey.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE