IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 5, 2024

## DEANDRE EDMONDSON v. JOHN PHILLIPS

**Appeal from the Circuit Court for Davidson County**
No. 23C2745          Lynne T. Ingram, Judge
———————————————————

**No. M2024-00555-COA-R3-CV**
———————————————————

This is an appeal by a *pro se* appellant. Due to the deficiencies in his brief, we conclude that he has waived consideration of any issues on appeal and hereby dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

DeAndre Edmondson, Madison, Tennessee, *pro se.*

Ann Hogan Murphy and Gregory Dye Smith, Nashville, Tennessee, for the appellee, John Ray Phillips, Jr.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

In November 2023, *pro se* litigant DeAndre Edmondson filed a handwritten single-sentence complaint against John Phillips, which, aside from listing the parties' names and addresses, simply stated: "Tennessee Human Rights and Tenneesee Civil Rights Violation for 10 million dollars in damages." Mr. Phillips filed a "Response," noting the single-sentence allegation of the complaint and stating that his only involvement with Mr. Edmondson had been in representing Mr. Edmondson's former wife in their divorce proceeding. Mr. Edmondson filed a motion to set a trial date, which the trial court denied.

Mr. Phillips filed a motion for judgment on the pleadings. He sought dismissal of the complaint pursuant to Tennessee Rules of Civil Procedure 8.01 and 12.03 for lack of

standing, failure to provide a short and plain statement of the claim showing the plaintiff was entitled to relief, and failure to state a claim upon which relief could be granted. Mr. Phillips asserted that "Plaintiff's one sentence Complaint completely fails to put this Court or Defendant on notice of the claims against Defendant and also fails to state factual allegations that could give rise to any cause of action." The trial court held a hearing on the motion for judgment on the pleadings, but Mr. Edmondson failed to appear. Accordingly, the trial court continued the hearing to provide all parties the opportunity to be heard. At the next hearing, both parties appeared. Following argument, the trial court granted the motion for judgment on the pleadings. Its written order states that "Plaintiff's Complaint fails as a matter of law to comply with the basic pleading requirements set forth in Tenn. R. Civ. P. Rule 8.01" as it "is devoid of any factual allegations and contains no information that gives the Court notice of the nature of the wrongs allegedly committed by the Defendant or the injuries allegedly sustained by the Plaintiff." Mr. Edmondson timely filed a notice of appeal.

## II. DISCUSSION

Our ability to review this appeal is hindered by the state of Mr. Edmondson's brief on appeal. Tennessee Rule of Appellate Procedure 27 states, in pertinent part:

**(a) Brief of the Appellant.** The brief of the appellant shall contain under appropriate headings and in the order here indicated:
(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
. . .
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:
(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
(8) A short conclusion, stating the precise relief sought.

Mr. Edmondson's brief wholly fails to comply with Rule 27.

The entire brief consists of seven handwritten pages. The first and last of those are the cover page and certificate of service. The brief contains a three-page "Facts" section that appears to include complaints related to his divorce proceeding. This section contains no citations to the record on appeal, nor does it reference what occurred in the trial court in this case. Next, the brief presents two issues for review on appeal: "Whether John Phillips handled his case like a professional attorney" and "Whether the State of Tennessee has the opportunity to fix thing the proper way when dealing with minorities or anybody." The remainder of his brief consists of the following sections:

<u>Holding</u>
The Supreme Court Remand the Decision Because John Phillips violated all my Rights as a Tax Payer citizen and a Human Being like all other people on this earth. Will Justice Be served or Jus prolonged while Im still living in umcomfortable conditions cause Im Jus a total mess at the moment.

<u>Rationale</u>
Attorney John Phillips is a attorney with Power. With more Power than a normal individual. We are all Human Sometimes if its beneficial to a person future they can abuse Power to get what they want In life
I Bet If you Really check his Books Im not the only one. No one should not be treated fairly I think

Thus, his brief does not contain any references to the appellate record, any references to legal authorities, a table of contents, a table of authorities, a statement of the case, or any mention of the course of the trial court proceedings in *this* case. *See* Tenn. R. App. P. 27.

"[O]ur courts have routinely held that the failure to make appropriate references to the record as required by Rule 27(a)(7) constitutes a waiver of the issue." *Boswell v. Young Men's Christian Ass'n of Middle Tenn.*, No. M2018-00180-COA-R3-CV, 2019 WL 1422926, at *5 (Tenn. Ct. App. Mar. 29, 2019) (citing *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000)); *see, e.g., Duracap Asphalt Paving Co. Inc. v. City of Oak Ridge*, 574 S.W.3d 859, 871 (Tenn. Ct. App. 2018) ("Duracap's failure to provide appropriate citations [to the record] regarding this matter results in a waiver of the issue."). Rule 6 of the Rules of the Court of Appeals of Tennessee provides,

(a) Written argument in regard to each issue on appeal shall contain:
(1) A statement by the appellant *of the alleged erroneous action of the trial court* which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, *with citation to the record* where the erroneous or corrective action is recorded.
(2) A statement showing how such alleged error was seasonably called to the

- 3 -

attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(a)-(b) (emphasis added).

Moreover, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010); *see also Lacy v. Big Lots Stores, Inc.*, No. M2019-00419-COA-R3-CV, 2023 WL 163974, at *3 (Tenn. Ct. App. Jan. 12, 2023) ("Generally, when a party fails to cite to relevant authority, we consider that issue waived."); *Berry v. City of Memphis*, No. W2014-01236-COA-R3-CV, 2015 WL 1650763, at *4 (Tenn. Ct. App. Apr. 13, 2015) ("Our courts have repeatedly held that the failure to cite to relevant legal authority to support an argument may result in a waiver of the argument on appeal."). Mr. Edmondson presents no discernible argument regarding how the trial court erred in this case.

"[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009) (Koch, J., concurring in part and dissenting in part). Recently, the Tennessee Supreme Court addressed this issue, with the following instruction to appellate courts:

Appellate litigants have an obligation to file briefs that comply with all applicable rules . . . . See Tenn. R. App. P. 27(a)(6), (7); Tenn. Ct. App. R. 6(a)(4), (b). But this Court has repeatedly emphasized that the overall intent of the appellate rules is "to disregard technicality in form in order to determine every appellate proceeding on its merits." *Trezevant v. Trezevant*, 696 S.W.3d 527, 530 (Tenn. 2024). "A court's construction and application of the rules should further that intent and should enhance, not impede, the search for justice." *Johnson v. Hardin*, 926 S.W.2d 236, 238-39 (Tenn. 1996). Given "the importance of applying the Rules of Appellate Procedure to reach a just result," *Trezevant*, 696 S.W.3d at 531, Tennessee courts must reasonably exercise their discretion to excuse technical deficiencies that do

not significantly impede the appellate process, *see* Tenn. R. App. P. 2 (giving appellate court discretion to suspend rules); Tenn. Ct. App. R. 1(b) (same for Court of Appeals rules).

*DiNovo v. Binkley*, 706 S.W.3d 334, 336 (Tenn. 2025). For instance, although courts have routinely held that the failure to make appropriate references to the record as required by Rule 27 constitutes a waiver of the issue, such cases "usually involve egregious errors that prejudice the opposing party, force the court to act as a party's counsel, or otherwise significantly frustrate the court's ability to decide an appeal." *Id.* at 337. "[C]ourts always must reasonably exercise their discretion in this context, keeping firmly in mind Tennessee's longstanding policy favoring resolution of appeals on the merits." *Id.*

"When a party fails to comply with Tenn. R. App. P. 27, this court has the authority to dismiss the appeal." *Riebsame v. Schemel*, No. E2018-01798-COA-R3-CV, 2019 WL 4667586, at *4 (Tenn. Ct. App. Sept. 24, 2019) (citing *Bean*, 40 S.W.3d at 54-55). "We have previously held that a litigant's appeal should be dismissed . . . where there is a complete failure to cite to the record." *Commercial Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011). Although our Supreme Court cautioned that "this Court should exercise its discretion to dismiss an appeal for failure to comply with Tenn. R. App. P. 27 in the case of 'egregious errors that prejudice the opposing party, force the court to act as a party's counsel, or otherwise significantly frustrate the court's ability to decide an appeal,'" we have continued to do so where the litigant's briefing "falls into this category and warrants dismissal." *See Wallace v. First Cash Inc.*, No. E2024-01096-COA-R3-CV, 2025 WL 842174, at *3 n.2 (Tenn. Ct. App. Mar. 18, 2025) (quoting *DiNovo*, 706 S.W.3d at 337). We conclude that Mr. Edmondson's brief likewise falls into this category. It contains no citations to the record and no citation to legal authority. "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority . . . as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean*, 40 S.W.3d at 55. "[A]n issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)." *Trezevant*, 696 S.W.3d at 530 (quoting *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012)). Attempting to address the merits of this appeal "would impermissibly shift the burden of creating [the litigant's] legal argument onto this Court." *Wallace*, 2025 WL 842174, at *3.

We recognize that Mr. Edmondson has proceeded *pro se* on appeal. "Parties who decide to represent themselves are entitled to fair and equal treatment by the courts," but we cannot "excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). "All filers, including pro se filers, must comply with Rule 27's basic requirements." *Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *3 (Tenn. Ct. App. July 5, 2017) (citing

*Murray v. Miracle*, 457 S.W.3d 399, 404 (Tenn. Ct. App. 2014)).

In his brief, Mr. Phillips asserted that he should be awarded attorney fees for having to defend against a frivolous appeal. He notes that Mr. Edmondson's brief on appeal "failed to address the trial court's ruling in any way" and contained only factual allegations that were not in the record.

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "'A frivolous appeal is one that is devoid of merit, or one in which there is little prospect that [an appeal] can ever succeed.'" *Coolidge v. Keene*, 614 S.W.3d 106, 119 (Tenn. Ct. App. 2020) (quoting *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005)). An award of such fees "rests in the appellate court's sound discretion." *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017). Given the state of Mr. Edmondqson's brief on appeal, this appeal had no reasonable chance of success. The trial court should determine a reasonable attorney fee to be awarded to Mr. Phillips on remand.

### III.   CONCLUSION

For the aforementioned reasons, this appeal is dismissed for failure to comply with Tennessee Rule of Appellate Procedure 27 and Rule 6 of the Rules of the Court of Appeals of Tennessee. This cause is remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to the appellant, DeAndre Edmondson, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE